# U.S. PROBATION OFFICE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

## PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** Zack Cantrell  **Case Number:** 4:16-CR-008-001

**Name of Sentencing Judicial Officer:** The Honorable Travis R. McDonough
United States District Judge

**Date of Original Sentence:** November 4, 2016

**Original Offense:** Felon in Possession of a Firearm and Ammunition

**Class:** C Felony  **Criminal History Category:** V

**Original Sentence:** 33 months imprisonment, three (3) years supervised release

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** July 6, 2018

**Date Supervision Expires:** July 5, 2021

**Assistant U.S. Attorney:** Michael D. Porter

**Defense Attorney:** Federal Defender's Office

**Revocation Guideline Range:** 7 - 13 months  **Statutory Maximum:** 2 years

*******************************************

## PETITIONING THE COURT

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **General Condition:** The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. |
| 2 | **Standard Condition #1:** The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer. |

| | |
|---|---|
| 3 | **Standard Condition #2:** The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation office. |
| 4 | **Standard Condition #3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |
| 5 | **Standard Condition #5:** The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons. |
| 6 | **Standard Condition #7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. |
| 7 | **Standard Condition #9:** The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. |
| 8 | **Standard Condition #10:** The defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer. |
| 9 | **Special Condition #1:** The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |
| 10 | **Special Condition #2:** The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider. |

On July 13, 2018, Mr. Cantrell reported to the United States Probation Office after his release from the custody of the Bureau of Prisons (BOP). Mr. Cantrell was provided with forms pertaining to firearms and travel, as well as his Judgment and Commitment Order. Mr. Cantrell met with United States Probation Officer (USPO) Sladjauna Hays in this probation officer's absence. While discussing third party risk with Mr. Cantrell, USPO Hays advised Mr. Cantrell he would be required

to inform anyone he is in a relationship with about his criminal history. Mr. Cantrell advised that he just would not notify this probation officer of any relationships. Mr. Cantrell was advised it is a violation to not be truthful with his probation officer.

On July 23, 2018, the probation officer made telephonic contact with Mr. Cantrell, and he stated he was at the Department of Motor Vehicles trying to get his driver's license reinstated. The probation officer advised I would be coming by his residence on that date to conduct an initial home assessment. Mr. Cantrell stated he would go home prior to going to work and would contact the probation officer. Mr. Cantrell never called the probation officer back and never answered any additional calls that date from the probation officer. The probation officer attempted to make contact with Mr. Cantrell at his residence, but no one answered when the probation officer knocked. When the probation officer looked through the window of the front door, a crossbow could be seen in plain view leaning against the wall by the front door. The probation officer left a business card instructing Mr. Cantrell to call the probation officer.

Also on July 23, 2018, the probation officer made a collateral contact with an individual who advised that the number the probation officer had spoken to Mr. Cantrell on earlier that date was a landline telephone. Mr. Cantrell had stated he was at the Department of Motor Vehicles when speaking with the probation officer, which would not have been possible while using the residence's landline telephone. Additionally, the probation officer is unable to ascertain where Mr. Cantrell actually works. Different collateral sources have advised of a variety of different places where Mr. Cantrell may or may not be employed.

On July 31, 2018, the probation officer returned a message from Mr. Cantrell. Mr. Cantrell was verbally admonished for not following the instructions of the probation officer on July 23, 2018. Mr. Cantrell advised he has a cellular phone now, and he provided that number to the probation officer. He was instructed to make sure the phone had a working voicemail feature, and Mr. Cantrell said he would do so. The probation officer advised that I would be calling him back soon to schedule an initial home assessment.

On August 6, 2018, the probation officer attempted to contact Mr. Cantrell to schedule an initial home assessment. Mr. Cantrell did not answer, and he did not have a voicemail set up.

On August 7, 2018, the probation officer made multiple attempts to reach Mr. Cantrell and schedule a home assessment. Mr. Cantrell did not answer, and he did not have a voicemail set up. The probation officer attempted to contact Mr. Cantrell on the residence phone, and the probation officer spoke with a female who advised Mr. Cantrell had already left the residence. She advised that she did not know where Mr. Cantrell went and did not have a way to reach him. The probation officer asked her to let Mr. Cantrell know the probation officer was attempting to get in touch with him. The probation officer attempted to make contact with Mr. Cantrell at his residence, but no one answered the door when the probation officer knocked. The probation officer was able to view the same crossbow previously seen in the residence. The crossbow was observed in plain view, and it

was inside the residence next to the front door, a picture was taken for evidentiary purposes. The probation officer left a business card in the door with instructions for Mr. Cantrell to report to the probation office on August 8, 2018, at 9:00 a.m. Additionally, the probation officer left a message for Mr. Cantrell on the residence's landline telephone reiterating those reporting instructions. The probation officer advised that failure to report as instructed may result in a warrant being issued for his arrest.

On August 8, 2018, Mr. Cantrell failed to report to the probation office as previously instructed. Mr. Cantrell also failed to contact the probation officer telephonically.

On August 13, 2018, the probation officer attempted to return a message from Mr. Cantrell advising that he could not report to the office on August 10, 2018, even though he was actually given multiple instructions to report to the probation office on August 8, 2018. Mr. Cantrell eventually called the probation officer back and was verbally admonished for his failure to report as instructed on August 8, 2018. Mr. Cantrell advised he was busy working at a gun range. The probation officer advised he is not allowed to be employed at a gun range or be near firearms or other dangerous weapons. He was advised he would not be allowed to continue employment there. Mr. Cantrell was instructed to report to the probation office on that date at 2:00 p.m.

On August 13, 2018, Mr. Cantrell reported to the probation office as instructed earlier on that date. Mr. Cantrell submitted to a drug screen, which yielded negative results for all illicit substances and drugs of abuse. A noncompliance meeting was conducted with Supervising United States Probation Officer Kevin Matherly. Mr. Cantrell was verbally admonished for his failure to stay in contact with the probation officer, lying to the probation officer, and having a crossbow in the residence. Mr. Cantrell was instructed to have the crossbow removed as soon as possible. Mr. Cantrell advised there were no other weapons in the home. The condition regarding no weapons was reviewed with the offender. Mr. Cantrell was warned that continued noncompliant behavior may results in adverse action being requested. Mr. Cantrell was further advised the probation officer would be coming to his residence on August 17, 2018, for the purpose of conducting an initial home assessment.

On August 16, 2018, Mr. Cantrell made telephonic contact with the probation officer and advised he would not be able to be home during the probation officer's scheduled initial home assessment on August 17, 2018. Mr. Cantrell advised he was no longer working at the gun range, but now working in Baxter, Tennessee, near Cookeville. Mr. Cantrell was advised he could not work there, as he did not have permission to be in the Middle District of Tennessee, and he never requested permission to leave the Eastern District of Tennessee. Mr. Cantrell was verbally admonished for his continued noncompliance.

On August 20, 2018, the probation officer attempted to contact Mr. Cantrell to reschedule the initial home contact that the probation officer was unable to conduct on August 17, 2018. Mr. Cantrell eventually called the probation officer back and stated he had a new phone number. Mr. Cantrell was instructed to be present at his residence in the morning. Mr. Cantrell became agitated and began to

argue with the probation officer for the entire phone call. Mr. Cantrell stated the probation officer is dishonest and unfair with him because he is trying to work, and the probation officer is costing him money. To date, Mr. Cantrell has failed to verify any legitimate employment. Mr. Cantrell continued by stating other people lie to the probation officer all the time, and he is trying to be honest, but it is not working out. The probation officer advised that the call was not going anywhere. Mr. Cantrell was instructed to be present at his residence on August 21, 2018, and the probation officer terminated the phone call.

On August 21, 2018, contact was made with Mr. Cantrell at his residence. The crossbow that was previously observed in plain view was not observed in the residence, and Mr. Cantrell advised it was removed from the home.

On August 22, 2018, Mr. Cantrell contacted the probation officer and immediately wanted to argue about why he was being referred to dual diagnosis counseling at Cheer Mental Health in McMinnville, Tennessee. Mr. Cantrell was advised he has special conditions for both substance abuse counseling and mental health counseling. Additionally, Mr. Cantrell was provided with all the necessary information for participation in the Code-A-Phone (CAP) program at Cheer Mental Health. Mr. Cantrell was advised that if he missed any of his CAP appointments, he would be required to report to the probation office.

On September 10, 2018, Mr. Cantrell failed to report to Cheer Mental Health and submit to a drug screen as part of the CAP program.

On September 18, 2018, the probation officer attempted to make contact with the offender for the purpose of discussing his missed CAP appointment on September 10, 2018. Mr. Cantrell did not answer, and the probation officer was unable to leave a message, as he did not have a voicemail set up on his phone.

On September 20, 2018, the probation officer made contact with Mr. Cantrell at his residence. Mr. Cantrell reported he was unemployed again, and the probation officer reminded him that he has failed to verify legitimate employment since the start of his term of supervised release, and if he obtains employment, he needs to notify the probation officer and verify the employment. Mr. Cantrell was verbally admonished for his failure to report for his CAP appointment on September 10, 2018. Mr. Cantrell submitted to a drug screen, which yielded presumptive positive results for marijuana, methamphetamine, and ecstacy. Mr. Cantrell admitted to use of marijuana and methamphetamine, but he denied use of ecstacy and signed an admission form to that effect. The sample was packaged and sent to Alere Laboratory for further analysis. Mr. Cantrell claimed an ex-paramour put methamphetamine in his drink. Mr. Cantrell was instructed to have no further contact with his ex-paramour. The laboratory results were returned on September 26, 2018, and reported the submitted sample yielded negative results for all illicit substances and drugs of abuse.

On September 21, 2018, Mr. Cantrell failed to report to Cheer Mental Health and submit to a drug screen as part of the CAP program.

On October 1, 2018, the probation officer made telephonic contact with Mr. Cantrell and instructed him to report to the probation office on October 3, 2018, at 10:00 a.m., due to missing a CAP appointment on September 21, 2018. Mr. Cantrell was verbally admonished for his continued noncompliance.

On October 3, 2018, Mr. Cantrell failed to report at 10:00 a.m. as previously instructed. Mr. Cantrell left a message for the probation officer almost an hour after his scheduled appointment time and advised he found out on October 2, 2018, that his driver's license was suspended. The probation officer made telephonic contact with Mr. Cantrell later in the day, and he stated he could not report until October 5, 2018, or the following week. The probation officer advised I would meet him at his residence on October 4, 2018, at 11:30 a.m., central time, and a drug screen would be obtained at that time.

On October 4, 2018, the probation officer made contact with Mr. Cantrell at his residence. Mr. Cantrell was acting suspicious upon the probation officer's arrival. After Mr. Cantrell let the probation officer into the residence, he turned and went into his bedroom and promptly closed the door, leaving the probation officer in the hallway. The probation officer could hear rustling sounds and instructed Mr. Cantrell to come out of the room. Mr. Cantrell did not immediately emerge from the room, but he did come out shortly after. Mr. Cantrell was initially unable to provide a drug screen, so the probation officer instructed him to drink water in an effort to be able to provide a sample. The probation officer was in the residence for approximately half an hour, and Mr. Cantrell still could not provide a sample. Mr. Cantrell admitted he would be positive for marijuana. Furthermore, Mr. Cantrell advised he had "clean urine," and he asked if he could use it for the drug screen since he had been honest about his marijuana use. The probation officer verbally admonished Mr. Cantrell for both his admitted marijuana use and for being prepared to falsify a drug screen. Mr. Cantrell was instructed to report to the probation office on October 5, 2018, at 8:00 a.m. While exiting the residence, the probation officer advised I had observed a large fixed blade knife in a sheath on his bed, and he was instructed to remove the weapon from the residence before the probation officer returned. He was also admonished for having a weapon while on supervision for the second time.

On October 4, 2018, Mr. Cantrell failed to report to Cheer Mental Health and submit to a drug screen as part of the CAP program.

On October 5, 2018, Mr. Cantrell failed to report to the probation office as previously instructed on October 4, 2018.

**Assessment of Flight/Danger and Bond Recommendation:** Mr. Cantrell's federal conviction is for Felon in Possession of a Firearm and Ammunition. Mr. Cantrell's criminal history includes convictions for Possession of Schedule VI Drugs; Stalking; Criminal Domestic Violence; Shoplifting; Vandalism; Driving Under the Influence 1st; Possession of Drug Paraphernalia; No Driver's License (multiple convictions); Hunting While License Revoked; Aggravated Criminal Trespass; Driving on Suspended Driver's License (multiple convictions); Possession of Drug Paraphernalia Ingest; Promoting the Manufacturing of Methamphetamine; Possession of a Firearm During Commission of a Dangerous Felony; and Possession of Marijuana. Since his term of supervised release began on July 6, 2018, Mr. Cantrell has been dishonest with the probation officer, has continually failed to follow the instructions of the probation officer, has had a weapon in his residence on multiple occasions, admitted to drug use on two separate occasions, has failed to report for three CAP appointments, has failed to even attend a single dual diagnosis counseling session at Cheer Mental Health, has failed to verify legitimate employment, and has absconded from supervision. Based on the aforementioned information, he is considered a danger to the community and a risk of flight. Bond is not recommended.

**Petitioning the Court to order:**

That a **Warrant** be issued and the defendant be ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 15, 2018.

Respectfully submitted,

Derek C. Beamer
2018.10.15
11:31:58 -04'00'

Derek Beamer
United States Probation Officer

APPROVED:

James Kevin Matherly
2018.10.15 11:26:07
-04'00'

Kevin Matherly
Supervising United States Probation Officer

DCB:glr

**ORDER OF COURT:**

A **Warrant** is to be issued, and the defendant is ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked. This Petition is to be placed under seal until the defendant is arrested or appears in Court.

So ordered.

**ENTER.**

_____
Travis R. McDonough
United States District Judge